UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dea'Shawn Harrison,<br><br>               Plaintiff,<br><br>v.<br><br>James Adam, III; Terry Woods, Jr.; Julius Wayne Bean,<br><br>               Defendants. | C/A No. 2:23-cv-00327-RMG-MHC<br><br>**REPORT AND RECOMMENDATION** |

This a civil action filed pro se by Plaintiff Dea'Shawn Harrison. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In a Proper Form Order dated February 13, 2023, Plaintiff was directed to provide certain documents to bring his case into proper form. He was also notified of pleading deficiencies and given the opportunity to amend his Complaint. *See* ECF No. 5. He filed an Amended Complaint on February 23, 2023. ECF No. 9. After his motion to amend was granted, Plaintiff's Second Amended Complaint (ECF No. 29) was filed on June 7, 2023. In a Second Proper Form Order issued June 7, 2023, Plaintiff was directed to provide certain documents (a summons form listing every Defendant, a Form USM-285 for each Defendant, and payment of the filing fee or completion of an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO-240)). Plaintiff was also notified of pleading deficiencies in the Second Amended Complaint and given an opportunity to amend. *See* ECF No. 31. Plaintiff provided some, but not all, of the required proper form documents. In a Third Proper Form Order, issued on August 10, 2023, Plaintiff was directed to provide certain documents (a summons form listing every Defendant and

a Form USM-285 for Defendant Woods). Plaintiff provided the Form USM-285 but failed to provide the completed summons form. Thus, as discussed further below, this case is not in proper form.

## I.     BACKGROUND

Plaintiff was a pretrial detainee at the Dorchester County Detention Center (DCDC) at the time he filed this action. He alleges claims under 42 U.S.C. § 1983 (§ 1983) for alleged violations of his First, Fifth, and Fourteenth Amendment rights. ECF No. 29 at 4.  In his Second Amended Complaint, he brings claims against Defendants James Adams, III (Adams); Terry Woods, Jr. (Woods); and Julius Wayne Bean (Bean).[1]

Records from Dorchester County indicate that Plaintiff pleaded guilty to robbery (case number 2016A18205000635) and was sentenced to ten years' imprisonment with a suspended sentence of seven years' imprisonment and three years' probation in March 2019. A probation warrant was issued on December 21, 2022. These records indicate notations of "[p]robation

---

[1] On June 20, 2023, Plaintiff filed a notice of appeal to the District Judge in which he stated that he wanted to appeal the final judgment on February 24, 2023, in which Defendants the County of Dorchester and the South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS) were terminated. As an initial matter, there has been no final judgment in this case. Plaintiff's initial complaint was not on a standard complaint form and did not specifically contain a list of Defendants. *See* ECF No. 1. As noted in the First Proper Form Order, because Plaintiff appeared to assert claims against the SCDPPPS and the County of Dorchester, those entities were listed as Defendants. Plaintiff was informed that after he completed a complaint form, the caption of the action would be updated to list the person(s) Plaintiff named as defendant(s) and not necessarily SCDPPPS and County of Dorchester. ECF No. 5 at 1. Plaintiff then filed his Amended Complaint which named only Regina A. Gunnells as Defendant. *See* ECF No. 9 at 1-2. Because Plaintiff did not name the County of Dorchester and the SCDPPPS as Defendants in the Amended Complaint, they were terminated as Defendants when the Amended Complaint was filed. As noted above, Plaintiff later filed a Second Amended Complaint in which he named Woods, Adams, and Bean as Defendants. ECF No. 29. Plaintiff did not name Gunnells in the Second Amended Complaint (Plaintiff named Gunnells as a Defendant in a later filed case - 9:23-cv-00584-RMG-MHC).and he again did not name SCDPPPS or the County of Dorchester as Defendants.

2

reduced to time served" and placement on administrative monitoring on April 26, 2023. *See* Dorchester County First Judicial Circuit Public Index, https://publicindex.sccourts.org/Dorchester/PublicIndex/PISearch.aspx (last visited Sept. 4, 2024). Plaintiff, who has been transferred to the Berkeley County Detention Center (*see* ECF No. 23), is currently facing a charge of burglary, third degree, first offense in Berkeley County (case number 2022A0820200313). *See* Berkeley County 9th Judicial Circuit Public Index, https://publicindex.sccourts.org/Berkeley/PublicIndex/PISearch.aspxPISearch.aspx (last visited Sept. 4, 2024).

In his Second Amended Complaint, Plaintiff alleges that Defendant Woods, another detainee at the DCDC, brought a letter to Plaintiff's cell door on January 17, 2023. Plaintiff asserts that his letter was "sent to [Woods'] room on the Officials of Dorchester County's behalf." Woods allegedly told Plaintiff that he was going to keep the letter and not give it back to Plaintiff, and Woods allegedly shared the contents of the letter with multiple detainees. Plaintiff claims that the letter "had religious, sacred, and sentimental value to it." ECF No. 29 at 6. He contends that Woods violated his First, Fifth and Fourteenth Amendment rights by taking his property without permission or just compensation. *Id.*

Plaintiff alleges that Defendant Adams, a public defender, violated his rights by representing him in a criminal proceeding without his consent. ECF No. 29 at 8. He claims that Defendant Bean, a DCDC detention officer, refused to provide him with access to a notary public and copies of letters. *Id.* at 10.

As to Defendant Woods, Plaintiff requests to pursue criminal charges or to be awarded $75,000. ECF No. 29 at 6. As to Defendant Adams, Plaintiff requests monetary damages of "$15,000 dollars per day [he] did not get the chance to speak in [his] own person" and "the

3

opportunity to go back in front of a General Sessions Judge in Propria Person as Amendment[.]" *Id.* at 12. Plaintiff does not appear to request relief as to Defendant Bean. *See id.*

## II. STANDARD OF REVIEW

A *pro se* Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## III. DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.     Defendant Woods is not a State Actor Under § 1983

As noted above, Plaintiff appears to allege that Defendant detainee Woods violated his constitutional rights by taking Plaintiff's letter and sharing the contents of the letter. To state a valid cause of action under § 1983, a plaintiff must demonstrate that: (1) the defendant deprived him of a right secured by the Constitution or any law of the United States; and (2) the deprivation of that right resulted from the defendant acting under color of law. *Adickes v. S.H. Kress & Co.*,

4

398 U.S. 144, 150 (1970). Generally, an inmate or detainee does not act under color of state law for purposes of § 1983. *See, e.g., Lukie v. Loggins*, No. 2:19-CV-1959-MGL-MGB, 2019 WL 7593350, at *3 (D.S.C. Oct. 23, 2019) (dismissing § 1983 claims against fellow inmate because "[f]ellow inmates generally do not act under color of state law" and the plaintiff had "not alleged any facts showing [the fellow inmate] is an exception to that general rule"), *report and recommendation adopted*, 2020 WL 247596 (D.S.C. Jan. 16, 2020); *Mueller v. Schnick*, 210 F.3d 375, *2 n. 4 (7th Cir. 2000) (inmate who broke plaintiff's jaw could not be sued under § 1983 because the plaintiff did not allege that the defendant acted under color of state law or was involved in a conspiracy with state actors), *cert. denied*, 531 U.S. 833 (2000); *Jenkins v. Illinois Dep't of Corrs.*, No. 96C3064, 1996 WL 296572, *1 (N.D. Ill. May 31, 1996) (inmate not directly suable under § 1983 because inmate was not a state actor and there was no indication that his alleged conduct was inextricably intertwined with that of prison officials); *McGraw v. Zeleand*, No. 91-7589, 1991 WL 274535, *1 (E.D. Pa. Dec. 17, 1991) (dismissing complaint against inmate because he was not a state actor and could not be sued under § 1983). For an individual to act under color of law, there must be evidence of a concerted effort between a state actor and that individual. *Adickes*, 398 U.S. at 152. Plaintiff has not alleged such facts. Thus, Plaintiff's § 1983 claims against Defendant Woods should be summarily dismissed.

Plaintiff requests that criminal charges be brought against Woods. However, a private citizen such as Plaintiff has no constitutional right to, or in fact any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (A private citizen does not have a judicially cognizable interest in the prosecution or nonprosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (applying *Linda R.S. v. Richard D.* and collecting cases); *Collins v. Palczewski*, 841 F. Supp. 333,

340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'").[2]

B.     Defendant Adams not a State Actor under § 1983

Plaintiff alleges Defendant Adams violated his rights by "standing as an authorize[d] representative without [his] consent."[3] However, he has alleged no facts to indicate that Defendant Adams acted under color of state law. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (noting that a publicly assigned or privately retained counsel for a criminal defendant is not ordinarily considered a state actor); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-324 nn. 8-16 (1981) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Hall v. Quillen*, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private

---

[2] Moreover, Plaintiff fails to state a federal claim even if he could establish that Defendant Woods is a state actor. A claim of intentional deprivation of property by a prison official also does not state a constitutional due process claim, provided that the prisoner has access to an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (concluding that "intentional deprivations do not violate [the Due Process] Clause provided, of course, that adequate state post-deprivation remedies are available"). To the extent Plaintiff brings a claim against a state actor, he has remedies under South Carolina law to obtain relief for the alleged taking of his personal property by bringing a tort action in state court or proceeding in state court pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 through 15-78- 220. *See Mora v. City of Gaithersburg*, 519 F.3d 216, 231 (4th Cir. 2008) (state courts are available for property claims and the State process is constitutionally adequate); *see also Plumer v. State of Maryland*, 915 F.2d 927, 930-31 (4th Cir. 1990) (where a state actor commits an "unauthorized act" of taking property then an adequate state post-deprivation procedure satisfies due process).

[3] Plaintiff also alleges he has a right to peacefully protest his criminal charges "against [his] corporate fiction." ECF No. 29 at 8. To the extent that Plaintiff is attempting to assert claims that are based on "sovereign citizen" type theories, such claims may be subject to dismissal as they are frivolous. *See Smalls v. Sterling*, No. 2:16-4005-RMG, 2017 WL 1957471, at *1 (D.S.C. May 11, 2017); *Gaskins v. South Carolina*, No. 2:15-CV-2589-DCN, 2015 WL 6464440, at *4 (D.S.C. Oct. 26, 2015) (collecting cases); *see also Mitchell v. Vesely*, No. 5:17-CV-325-OC-30PRL, 2017 WL 11049094, *1 (M.D. Fla. Aug. 23, 2017) ("While Plaintiff does not state that he is a 'sovereign citizen,' his arguments are similar to the 'sovereign citizen' arguments that courts have routinely rejected as frivolous.").

attorney). Thus, Defendant Adams is subject to summary dismissal as he is not a state actor under § 1983.

Additionally, to the extent Plaintiff is attempting to obtain monetary damages for his Dorchester County robbery conviction and/or parole revocation, his claims are subject to summary dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court established the following test to determine whether a prisoner's claim for violation of due process in the context of a criminal proceeding is cognizable under § 1983:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-487 (internal footnotes omitted).

Plaintiff's Second Amended Complaint includes no indication that his robbery conviction or sentence has been overturned through a direct appeal, state post-conviction relief application, or habeas corpus proceeding or otherwise invalidated. Courts have also held that *Heck* applies to parole and probation revocation proceedings. *See Thigpen v. McDonnell*, 273 F. App'x. 271, 272 (4th Cir. 2008) (§ 1983 claim that state officials conspired to subject plaintiff to double jeopardy by revoking his probation barred by *Heck*); *Via v. Fahey*, No. CIV.A. 3:07-CV-778, 2009 WL

223113, at *2 (E.D. Va. Jan. 29, 2009) ("The basic premise behind Plaintiff's claim, that he is entitled to monetary damages and injunctive relief stemming from the improper revocation of his parole and his current incarceration, is legally frivolous under *Heck*[.]"); *Smith v. Hickman*, No. 622-CV-02256-HMH-KFM, 2022 WL 14763225, at *2 (D.S.C. Sept. 27, 2022*), report and recommendation adopted*, No. CV 6:22-2256-HMH-KFM, 2022 WL 14763209 (D.S.C. Oct. 25, 2022) (collecting cases). Thus, Plaintiff's claims are subject to summary dismissal because a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction and/or sentence on the robbery charge.[4]

Moreover, to the extent that Plaintiff may be requesting that this Court intervene in his pending criminal case, such a request is subject to summary dismissal. Federal courts, absent extraordinary circumstances, are not authorized to interfere with a State's pending criminal proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44. Here, Plaintiff may raise claims about a pending criminal charge in the state court.

---

[4] However, where a plaintiff has already served his sentence, the *Heck* bar may not apply. *See Wilson v. Johnson*, 535 F.3d 262, 267-268 (4th Cir. 2008) (holding that former prisoners may in certain circumstances be exempt from *Heck*'s favorable termination requirement); *but see Bishop v. County of Macon*, 484 F. App'x 753 (4th Cir. 2012) (unpublished) (clarifying that the *Wilson* exemption to *Heck* does not apply to every § 1983 suit brought by a former prisoner who failed to obtain habeas relief while in custody). Here, Plaintiff has not argued or asserted any facts to indicate that he was unable to seek habeas relief.

C.     Defendant Bean/Access to the Courts

Plaintiff alleges that Defendant Bean violated his Fifth Amendment right by denying him access to a "public notary" that delayed him due process in this case. He also appears to allege that Defendant Bean refused to copy letters for him and have them notarized. To state a claim for denial of access to the courts, a plaintiff must satisfy the constitutional standing requirement by alleging an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). To meet this requirement, a plaintiff must show that the actions of the prison officials hindered the prisoner's efforts to pursue a nonfrivolous claim." *Id.* at 354; *see also Harden v. Bodiford*, 442 F. App'x 893, 896 (4th Cir. 2011). Actual injury requires the inmate to "demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded." *Jackson v. Wiley*, 352 F. Supp. 2d 666, 679–80 (E.D. Va. 2004).

Here, Plaintiff has not alleged any plausible facts to demonstrate that a nonfrivolous legal claim has been frustrated or impeded by Defendant Bean. He claims this action was impeded. However, he has not asserted any facts that plausibly indicate that his claim was impeded because his documents were not notarized. Plaintiff has not pointed to any requirement at this stage of his case that a document be notarized. Although every pleading and other paper filed by Plaintiff must be signed by him, *see* Fed. R. Civ. P. 11, Plaintiff has pointed to no Federal Rule of Civil Procedure or other provision that requires a complaint to be notarized.[5] Affidavits also do "not need to be notarized, only signed and declared true and correct under penalty of perjury." *Tate v. Starks*, 444 F. App'x 720, 728 n.8 (5th Cir. 2011) (citing 28 U.S.C. § 1746). Thus, an alleged failure to provide

---

[5] The standard complaint form (Complaint for Violation of Civil Rights (Prisoner Complaint)) that Plaintiff was given, and on which he submitted as his Second Amended Complaint, contains a Rule 11 certification that Plaintiff signed. *See* ECF No. 29 at 17.

9

notary services does not state a cognizable claim for denial of access to the courts. *See Riddick v. Collins*, No. 7:20CV00742, 2023 WL 2742246, at *8 (W.D. Va. Mar. 31, 2023). Nor can Plaintiff state a claim as any alleged refusal of Defendant Bean to provide him with free copies of his letters. *See Harrison v. Moketa/Motycka*, 485 F. Supp. 2d 652, 658 (D.S.C.), *aff'd sub nom. Harrison v. Moteka*, 235 F. App'x 127 (4th Cir. 2007) (noting that while indigent prisoners have a right to free postage stamps in connection with their right to access the courts, there exists no such right to free photocopies); *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991) ("A denial of free photocopying does not amount to a denial of access to the courts.").

D.     State Law Claims

Plaintiff may also be attempting to assert claims under South Carolina law. However, as Plaintiff fails to state any federal claim, only the state law claims would remain, and federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." *See* 28 U.S.C. §1367; *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 387 (1998). Of course, a district court may have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of different States...".  28 U.S.C. § 1332. However, Plaintiff has not alleged complete diversity of the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978) (Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side). Complete diversity between the plaintiff and defendants must exist at the time the complaint is filed. *See Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 570 (2004); *Hardaway v. Checkers Drive-In Restaurants, Inc.*, 483 F. App'x 854, 855 (4th Cir. 2012). Here, Plaintiff and Defendants are all citizens of South Carolina. *See* ECF No. 29 at 2-3.

Thus, there is no complete diversity and Plaintiff may not bring claims pursuant to § 1332. As Plaintiff has asserted no valid federal claim and there is no diversity jurisdiction, this Court should not exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case); *Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

E.     Failure to Bring Case into Proper Form

Additionally, Plaintiff has failed to bring this case into proper form. In the Second Proper Form Order, Plaintiff was directed to provide a completed summons form listing each Defendant. Plaintiff was warned that failure to provide the necessary information within the timetable set forth in the Second Proper Form Order would subject the case to dismissal. ECF No. 31. As noted above, Plaintiff failed to do so. In the Third Proper Form Order, Plaintiff was again directed to provide a completed summons form listing each Defendant, and he was warned that failure to provide the necessary information within the timetable set forth in the Third Proper Form Order would subject the case to dismissal. ECF No. 43. Again, Plaintiff failed to provide a completed summons form listing all Defendants.

The time to bring this case into proper form has now lapsed, and Plaintiff has failed to provide all the required items to bring his case into proper form. Thus, in the alternative, it is recommended that this action be dismissed in accordance with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989)

(holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

## IV.     RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice, without leave to amend,[6] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

September 6, 2024
Charleston, South Carolina

---

[6] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).